Pearson J.
 

 In the year 1800, Thomas Long executed a deed of gift, by which he conveyed to his children several tracts of land and a number of negroes; among others, he gave to his son, Edward, a negro girl, Esther, and to his son, Joshua, a boy named Lewis. Edward and Joshua died soon afterwards intestate, and before «arriving at the age of twenty-one. In 1806, Thomas Long executed the following deed:
 

 STATE OF NORTH CAROLINA, j
 

 Peruuimons County,
 
 )
 

 Know all men by these presents, that I, Thomas Long, senior, for and in consideration of the natural love and affection that I have and do bear towards my two sons, William Long and Simeon Long, and my daughter, Elizabeth Harvey, all of the county aforesaid, do give and grant, unto my two sons and daughter, all the right, title, interest, property, claim, and demand of my sons, Edward Long and Joshua Long, deceased, invested in them in and by a deed of gift from under the hand and seal of me, the said Thomas Long, senior, to them, the said William Long, Simeon Long, and Elizabeth Harvey, their heirs and assigns forever, now remaining on record in the Register’s office of the county of Perquimons, for a certain tract of land in the said county, adjoining the lands of Isaac White, Samuel Creecy, Thomas Myers, or howsoever otherwise bounded or reputed to be bounded, to have and to hold the said granted and devised premises, with appurtenances thereof, unto them, the said William Long, Simeon Long, and Elizabeth Harvey, their heirs and assigns forever, clear of the lawful claims of all manner of persons whatsoever.
 

 In testimony whereof, I have hereunto set my hand and seal, this 13th day of August, in the year of our Lord, 1806.
 

 T. LONG, Sen’r, [Seal.]
 

 Witness, William Creecy.
 

 
 *226
 
 The slaves, Esther and Lewis, remained in 'the -possession ■of Thomas Long until his death in 1817. By bis will of that date, he gives to his three daughters, Mary, Sarah, and Harriet, and a “ child wind} my wife now appears to be pregnant with,” the following negroes, Esther, Lewis, <fec. These four children were the issue of a second marriage, .and nothing is given to them by the deeds of 1800 and 1806 — they being then unborn. The testator appointed his son, Thomas Long, and Alfred Moore his executors, who qualified and .proved the will.
 

 In 1818, upon the petition of Shneon Long, John Nixon, administrator of William Long and Mary Harvey, the only •child of Elizabeth Harvey, one .oí the donees in the deed of 1806, the negroes, Esther and her child, were sold, and •the proceeds of the sale divided between the said Simeon, John Nixon, administrator, and Mary Harvey, upon the allegation that, by the deed of 1806, the negroes, Esther and Lewis were given to the said Simeon, William Long; the intestate of John Nixon, and Elizabeth Harvey, the •mother of Mary Harvey.
 

 In 1826, Joseph Manning, the administrator of Elizabeth Haughton, (formerly Elizabeth Harvey,) filed a bill in equity against Simeon Long, who had then taken out letters of administration upon the estate of Edward and Joshua Long, and Nixon, the administrator of William Long, and others, for the purpose of having one-third of the sum for which the negroes had been sold paid to him, as adminis. trator of Mrs. Harvey, afterwards Mrs. Haughton, instead •of Mary Harvey, and it was accordingly so ordered.
 

 In 1827, Simeon Long was appointed guardian of his infant half sisters and brothers ; and in 1829, as they respectively arrived at age or married, he had settlements and •took receipts, under seal, in full. These receipts do not refer to the proceeds of the sale of Esther and Lewis, and
 
 *227
 
 that fund was not brought into the account; At the sale in 1819, made by Simeon Long, under the order of the, County Court, the boy Lewis was purchased by one Call, for $838, and has been sent to parts unknown. Esther and her child were purchased by Simeon Long, for $776. He has sold the woman, but still has possession of her issue.
 

 The bill is filed by the four children, or their representatives, to whom these negroes are given by the will of Thomas Long, senior, against Thomas Long, junior, the executor of Thomas Long, senior, and Simeon Long, the administrator of. Edward and Joshua Long, and others, and seeks to charge the defendants, Thomas and Simeon Long with the Value of the negi’oes.
 

 Simeon Long insists, that, by the deed of 1806, the equitable title to the negroes passed to him and his brother William, and sister Elizabeth, their father being entitled to them as the distributee of the two infant donees, Edward and Joshua; and that the legal title was perfected by the grant of administration to him in 1824, upon the estates of said Edward and Joshua. He also relies upon the receipts» under seal, given to him 'as guardian ; and upon the lapse of time.
 

 The other answers do not vary the case.
 

 Upon the death of the two children, Edward and Joshua, their father became entitled to the negroes as their distri-butee ; and, although he was obliged to derive title through their administratoi*, yet, in equity, he was the owner, subject to the rights of creditors, if they had any, rvhich is not suggested. The case, therefore, depends upon the deed of 1806.
 

 We are at a loss to conceive of any ground upon which it could ever have been supposed that this deed passed the interest of Thomas Long, senior, in these two negroes. They are not named in the deed, nor are they in any manner referred to. It simply purports to pass an interest in a
 
 *228
 
 certain tract of land. It is said, the donor had no interest in the land. That is true : but
 
 non constat
 
 that he intended to pass his interest in the negroes. It may be, he supposed he had acquired an interest in the land; and, at all events, the deed in no way intimates an intention to pass his interest in the negroes; and it cannot have that effect by the utmost stretch of the maxim, “
 
 ut res magis valeat quam pereat.’*
 

 The defendant can derive no aid from the receipts, although they are under seal; for he expressly admits, that the proceeds of the sale of the negroes were not brought into account by him in the settlements with his wards : for the reason that he supposed, and had all along acted'under the impression, that the negroes belonged to himself and his brother and sister, under the deed of 1806. Nor can he derive any aid from the lapse of time. The plaintiffs were under age and under coverture, and, for the greater part of the time, he was their guardian, and in duty bound to protect their rights.
 

 It was insisted, that, as the representatives of William Long, and of Mrs. Haughton, had each received one third part of the fund; they were necessary parties, and ought to contribute with the defendant, Simeon, in replacing the fund.
 

 The plaintiffs were at liberty to make them parties, but they were not obliged to do so. A
 
 cestui que trust
 
 may call the trustee to account, without making every person a party, with whom the trustee, in violation of his duty, has seen proper to divide the fund..
 

 There must be a decree for an account against Simeon Long. All objection, for the want of parties,
 
 merely formal,
 
 being waived by consent.
 

 Per Curiam. Decree accordingly.